NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 12 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

SHARON TESLER,

      Plaintiff - Appellant,

v.

UNITED AIRLINES, INC.,

      Defendant - Appellee.

No. 24-5456

D.C. No.
4:23-cv-00192-KAW

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Northern District of California
Kandis A. Westmore, Magistrate Judge, Presiding

Submitted December 9, 2025[**]
San Francisco, California

Before: BUMATAY, JOHNSTONE, and DE ALBA, Circuit Judges.

Plaintiff Sharon Tesler appeals the district court's grant of summary

judgment in favor of United Airlines, Inc. regarding her retaliation cause of action

under California Labor Code § 98.6.  We have jurisdiction pursuant to 28 U.S.C.

---

    *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review the grant of summary judgment de novo. *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010). Summary judgment is appropriate if the pleadings, discovery, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); Fed. R. Civ. P. 56(c). We construe all justifiable inferences in the non-moving party's favor. *Anderson*, 477 U.S. at 255.

The district court properly granted summary judgment on Tesler's retaliation claim under Section 98.6. Tesler failed to establish the second element of her prima facie case: whether United's alleged actions constituted adverse employment actions. *See St. Myers v. Dignity Health*, 44 Cal. App. 5th 301, 355–56 (2019). For example, Tesler failed to point to specific charter flights that she was denied or missed due to purported misinformation, or to demonstrate that the flights were actually available when she requested them. Also, Tesler failed to show that the lottery system for staffing the Charter Program was not fairly implemented, or that her technical issues with Open Time were the result of targeted retaliation against her that went unresolved despite her complaints. In fact, the record shows that other employees also experienced technical issues with Open Time and that the issue was resolved such that Tesler was eventually able to pick up flights through the platform. As to Tesler's assertion that United's investigations into her

complaints constitute adverse employment action, that argument too fails. Tesler's displeasure about how United conducted investigations is not enough to raise an employer's action to the level of an adverse employment action. *See id.* at 356 ("[T]he mere fact that an employee is displeased by an employer's act or omission does not elevate that act or omission to the level of a materially adverse employment action." (internal citation marks omitted)).[1]

Because Tesler has failed to raise any genuine issues of material fact as to the second element of her prima facie case, her claim necessarily fails, and the district court properly granted summary judgment in United's favor. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (noting that summary judgment is required "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"). As a result, we need not address Tesler's claims regarding protected activity, causation, and pretext. *See INS v. Bagamasbad*, 429

---

[1] Tesler's argument that her suspension pending a review of her fitness for duty constitutes adverse employment action fails. Tesler's Complaint in this case long pre-dated her suspension, and thus she could not allege it as retaliatory conduct absent an amendment. *See* Fed. R. Civ. P. 15(a)(2). But even if we could consider this event, Tesler failed to provide any argument regarding causation or pretext as to her suspension in the district court, thus she failed to carry her burden of showing a prima facie case of retaliation and she cannot do it for the first time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

**AFFIRMED.**